UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KOURTNEY ROBERT THOMPSON
GIBBS,

    Plaintiff,

    v.

MARSHALL COUNTY JAIL,

    Defendant.

CAUSE NO.: 3:19-CV-768-JD-MGG

OPINION AND ORDER

Kourtney Robert Thompson Gibbs, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Gibbs alleges that, since his arrival at the Marshall County Jail, he has been subjected to overcrowded cells and unsanitary conditions and has been exposed to other inmates with contagious diseases. "[T]he Fourteenth Amendment's

Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* While Gibbs may be able to assert a valid Fourteenth Amendment claim, he has named only the Marshall County Jail as a defendant. Though the Marshall County Jail is where these events occurred, the jail is a building, not an individual or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, Gibbs may not proceed on this complaint.

Nevertheless, Gibbs may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. He must describe his interactions with each individual defendant in detail, including names, dates, location, and explain how each defendant was responsible for harming him.

For these reasons, the court:

(1) GRANTS Kourtney Robert Thompson Gibbs until <u>December 2, 2019</u>, to file an amended complaint; and

(2) CAUTIONS Kourtney Robert Thompson Gibbs that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on November 4, 2019

                                                     /s/ JON E. DEGUILIO
                                                     JUDGE
                                                     UNITED STATES DISTRICT COURT